UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-246-H

K.F., a minor child, by parent
DEMETRICE FLOYD                                                    PLAINTIFF

V.

JEFFERSON COUNTY SCHOOL DISTRICT, et al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

　　Plaintiff, K.F., is a minor child, who asserts claims against the Jefferson County School District (also known as Jefferson County Board of Education, hereinafter "JCBE") and some of its teachers (collectively, "Defendants"). On February 7, 2007, Defendants moved for summary judgment on all claims. Thereafter, Plaintiff's counsel moved to withdraw. On February 22, this Court sustained that motion and held consideration of the motions in abeyance until new counsel made an appearance. The Court allowed Plaintiff forty-five (45) days or until on or about April 10, 2007, in which to obtain counsel. That time has passed; new counsel has not entered an appearance; nor has Plaintiff responded to the motion.

　　The Court believes that it is now appropriate to review the pending motion. Even though Plaintiff has not obtained a lawyer and has not filed a response, the Court has a sufficient understanding of the facts and law to reach sound conclusions. Another option would be for this Court to dismiss without prejudice due to the failure to prosecute. After reviewing the record, however, the Court agrees with Defendants that the claims here are without legal merit.

I.

The events giving rise to this action occurred when K.F. was four years old and attending the Head Start program at Byck Elementary School in Jefferson County, Kentucky.  Plaintiff, now eight, has no direct memory of anything else that occurred at this age, but apparently is able to remember specific details concerning his allegations.  Plaintiff's mother, Demetrice Floyd, also has testified by deposition.  Her testimony has many difficulties.  Nevertheless, the Court must accept Plaintiff's version of events as true for purposes of this motion for summary judgment.

Sometime in the Spring of 2003, Plaintiff was standing in line for lunch at Byck.  His pants were "sagging."  He was copying his uncle, who often wore his pants sagging below his waist.  His teacher, Pat Scott, tugged on his pants to show him "up was up and down was down."  Plaintiff's pants and boxer shorts fell below his waist, allegedly exposing him to his classmates.  His classmates teased him at the time.  Plaintiff fell asleep in class later the same day.  He claims Ms. Scott poured ice water on him, presumably to wake him up.  Despite these alleged experiences with Ms. Scott, Plaintiff likes school and has a good relationship with his current teacher.

Ms. Floyd complained to Shannon Conlon, the principal of Byck Elementary, about the incidents.  Ms. Conlon met with Ms. Floyd and Ms. Scott a few days later.  Ms. Conlon questioned Ms. Scott, who apologized.  Ms. Conlon later completed a Jefferson County Public Schools Child Abuse Report Form.  As indicated on the form, Ms. Conlon also contacted the Cabinet for Human Resources, Children's Protective Services division ("CPS") in accordance with Kentucky law.  Ms. Floyd also reported the incident to CPS.  CPS investigated and did not

2

take any action.

Over two years later Ms. Floyd filed this lawsuit on her son's behalf.  Plaintiff has sued the Jefferson County Board of Education, Stephen Daeschner, individually and in his official capacity as Superintendent of Jefferson County Public Schools; Ms. Scott, in her individual and official capacities; and Ms. Conlon, also in her individual and official capacities.  Plaintiff alleges a panoply of claims against Defendants: (1) violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution; (2) violation of §§ 2 and 3 of the Kentucky Constitution; and (3) violation of Kentucky statutes KRS 158.005 and KRS 158.440.  Plaintiff seeks damages and possibly injunctive relief for his claims.

## II.

The Court can resolve several claims rather easily.  Plaintiff brings claims under 42 U.S.C. § 1983 against the individual Defendants in their official capacities.  A state government (including state officials in their official capacities) cannot be sued for damages under § 1983 in either state or federal court.  *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002).  A local school board is an agency of state government.  *See Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001); *accord James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002) (citing *Clevinger v. Bd. of Educ. of Pike Cty.*, 789 S.W.2d 5, 11 (Ky. 1990)).  Therefore, Plaintiff's damage claim under § 1983 against the individual Defendants in their official capacities should be dismissed.

Plaintiff's state law claims against the JCBE must be dismissed because it is immune from liability for its performance of a governmental function.  *See Williams v. Kentucky Dept. of Education*, 113 S.W.3d 145, 154 (Ky. 2003) (citing *Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001)).  The JCBE performs a function of state government when it provides public education

3

within Jefferson County.  *See Yanero*, 65 S.W.3d at 526 (quoting *Cullinan v. Jefferson Co.*, 418 S.W.2d 407, 408 (Ky. 1967) *overruled on other grounds by Yanero*, 65 S.W.3d at 527. Supervising and disciplining school personnel and students are related to providing education. *Williams*, 113 S.W.3d at 150 (noting board of education is responsible for the discretionary function of promulgating disciplinary rules) (citing KRS 161.180(1)).

Moreover, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" The entity of which the individual Defendants are agents is JCBE.  But JCBE is immune from suit.  Thus, the individual Defendants in their official capacities must be protected by JCBE's immunity.  Plaintiff's state law claims against them should be dismissed.

III.

To make a claim under § 1983 requires that "plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (quoting 42 U.S.C. § 1983) *quoted in Lewellen v. Metropolitan Government of Nashville and Davidson Cty., Tenn.,* 34 F.3d 345, 347 (6th Cir. 1994).  Plaintiff claims Defendants violated the Eighth Amendment and his substantive due process rights under the Fourteenth Amendment.

The Court cannot find any basis for a claim of cruel and unusual punishment either in law or fact.  Generally, the Eighth Amendment and those decisions construing the proscription against cruel and unusual punishment concern those in protective custody.  *Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *see also Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). Plaintiff was not convicted of any crime nor was he in custody when this incident occurred.

4

Consequently, the Court cannot find the Eighth Amendment implicated in any other manner.

Moreover, the conduct here falls far short of what anyone may define as cruel and unusual.

While these acts may be unwarranted and uncalled for, they do not rise to the level of

constitutional significance.

Plaintiff claims Defendants violated his substantive due process rights under the

Fourteenth Amendment.  In such circumstances the Supreme Court has cautioned courts

> to carefully scrutinize so-called substantive due process claims
> brought under § 1983 "because guideposts for responsible
> decisionmaking in this unchartered area are scarce and open-ended.
> It is important, therefore to focus on the allegations in the complaint
> to determine how [the plaintiff] describes the constitutional right at
> stake and what the [government actor] allegedly did to deprive [the
> plaintiff] of that right."

*Upsher v. Grosse Point Pub. Sch. Sys.,* 285 F.3d 448, 452 (6th Cir. 2002) (quoting *Collins v. City*

*of Harker Heights, Texas*, 503 U.S. 115, 125 (1992)).

Plaintiff alleges his substantive due process rights were violated "in that Defendants

refused to take disciplinary action against a teacher who forcefully removed Plaintiff's clothes in

a public place."  Section 1983 liability must be based on more than respondeat superior or the

right to control employees.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Leary*

*v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th

Cir. 1999).  "Likewise, simple awareness of employees' misconduct does not lead to supervisor

liability."  *Leary*, 349 F.3d at 903 (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728

(6th Cir. 1996)).  "Liability under § 1983 must be based on active unconstitutional behavior and

cannot be based upon 'a mere failure to act.'"  *Shehee,* 199 F.3d at 300; *see also Poe v. Haydon*,

853 F.2d 418, 429 (6th Cir. 1988) ("Even assuming the allegations in [plaintiff's] complaint are

true, she has not averred that 'any of the supervisory officials who [are] defendants in this case actively participated in or authorized any harassment' . . . .  At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action.  This is insufficient to impose liability on supervisory personnel under § 1983.").  Plaintiff's Fourteenth Amendment claim under § 1983 is explicitly based on Defendants' alleged failure to discipline Ms. Scott.  The claim should be dismissed.

Plaintiff also alleges that "Defendants adopted and maintained a policy, custom and practice of deliberate indifference to Plaintiff's constitutional rights."  "'Deliberate indifference' in this context does not mean a collection of sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference to ... abuse."  *Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 508 (6th Cir. 1996); *see also Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 912 (6th Cir. 1995) ("A showing of deliberate indifference requires a showing of 'something more culpable ... than a negligent failure to recognize a high risk of harm.'" (quoting *Black v. Indiana Area Sch.Dist.*, 985 F.2d 707, 712-13 (3d Cir. 1993)).  It is undisputed that Ms. Conlon met with Ms. Floyd and Ms. Scott to discuss the incident.  She also reported the incident on the required administrative forms and reported it to CPS.  Under these circumstances, Plaintiff cannot establish deliberate indifference under such circumstances.  *See Yap v. Oceanside Union Free Sch. Dist.*, 303 F.Supp.2d 284 (E.D.N.Y. 2004) (finding school district was not deliberately indifferent to alleged racial discrimination where it made reasonable attempts to address reported problems).

There is no evidence that Ms. Scott acted in accordance with any JCBE policy.  Nor was her conduct the product of some JCBE custom or practice.  In such circumstances, any supposed

6

practice must be so widespread as to have the force of law.  *M.W. ex rel. T.W. v. Madison Cty. Bd. of Educ.*, 262 F.Supp.2d 737, 743 (E.D. Ky. 2003) (quoting *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978)); *see also Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507 (6th Cir. 1996) ("A 'custom' for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'").  Ms. Floyd admits she has no knowledge of Ms. Scott ever acting similarly.  Nor is there any evidence of similar conduct by other teachers, let alone proof of toleration of similar conduct to the point a "custom" could be said to exist.  The Court should dismiss K.F.'s Fourteenth Amendment claim.

IV.

The Court will consider next Plaintiff's claims under the Kentucky Constitution.  These claims appear to be no stronger than the federal claims.

Section 2 of the Kentucky Constitution reads that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."  It "is a curb on the legislature as well as on any other public body or public officer in the assertion or attempted exercise of political power."  *Board of Educ. of Ashland v. Jayne*, 812 S.W.2d 129, 131 (Ky. 1991) (quoting *Kentucky Milk Mktg. v. Kroger Co.*, 691 S.W.2d 893 (Ky. 1985)); *see also Commonwealth v. Brown*, 911 S.W.2d 279, 281 (Ky. 1995) ("Section 2 of the Kentucky Constitution (along with Sections 1, 3 and 59) expresses the guarantee of procedural fairness and equal protection.").  Plaintiff's claims against all but Ms. Scott do not arise from the assertion or exercise of any power.  Rather, his complaint is that Defendants failed to exercise such power.  Because Plaintiff's claim does not arise from any affirmative violative act, it fails

7

on its face.

With respect to Ms. Scott, Kentucky Constitution § 2 only governs public officers.  The position of school teacher does not fall within the definition of "public officer":

> It may be stated as a general rule, fairly deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast upon the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent, while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements.

*Bernard v. Humble*, 298 Ky. 74, 182 S.W.2d 24, 26 (1944) (quoting *Alvey v. Birmingham,* 286 Ky. 610, 150 S.W.2d 935, 942).  Ms. Scott's position is not created by law or does it involve a continual exercise of government power.  She is merely a public employee and cannot be held liable under Kentucky Constitution § 2.

Section 3 of the Kentucky Constitution reads:

> All men, when they form a social compact, are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services; but no property shall be exempt from taxation except as provided in this Constitution; and every grant of a franchise, privilege or exemption, shall remain subject to revocation, alteration or amendment.

Section 3 is Kentucky's equal protection clause.  In the context of public schools, "[t]he fundamental mandate of the Constitution and Statutes of Kentucky is that there shall be equality and that all public schools shall be nonpartisan and nonsectarian."  *Wooley v. Spalding*, 293 S.W.2d 563, 565 (Ky. 1956) (citing Ky. Const. §§ 3, 59).  Plaintiff does not allege that any JCBE policy is based on an improper classification or that he was discriminated against because of membership in a protected class.  Section 3 simply does not have any conceivable application

8

here.  The Court should dismiss the claim.

V.

Finally, Plaintiff's  claims that Defendants violated KRS 158.005 and KRS 158.440 fare

no better.  The first statute provides the definition of "character education" for purposes of KRS

Chapters 156 and 158.  The second declares legislative findings on safety and school order.

Neither statute regulates conduct and neither is capable of being "violated."  While KRS 446.070

provides a cause of action for statutory violations, it only applies to statutes that are penal in

nature:

> Under KRS 446.070, a person injured by the violation of any statute
> may recover from the offender such damages as he sustained by
> reason of the violation.  But this is limited to where the statute is
> penal in nature, or where by its terms the statute does not prescribe
> the remedy for its violation.

*Gryzb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985); *see also Davidson v. American Freightways,*

*Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000) ("KRS 446.070 merely codifies the common law concept

of negligence *per se*.  It applies only if the alleged offender has violated a statute and the plaintiff

was in the class of persons which that statute was intended to protect.").  Statutory definitions

and legislative findings are not penal statutes.  Plaintiff's Kentucky statutory claims fail as a

matter of law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is

SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

9

cc:    Counsel of Record